**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JOANN PAIGE**                                                                                    **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. 3:09CV50-WHB-LRA**

**JACKSON STATE UNIVERSITY**                                                      **DEFENDANT**

## ORDER TO SHOW CAUSE

This matter is before the Court on application of Joann Paige [hereinafter "Plaintiff"] seeking permission to proceed *in forma pauperis* for the purpose of filing this action against Jackson State University under 28 U.S.C. §1915(a)(1). However, § 1915 does not mandate that the Court grant *in forma pauperis* status, even if the financial indicators suggest it. Instead, the statute provides that the Court **may** grant permission to proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision. Flowers v. Turbine Support Div., 507 F.2d 1242, 1244 (5th Cir. 1974).

In this case, no jurisdictional basis has been set forth. The Complaint is quoted verbatim below:

COMPLAINT

> Comes Now, Plaintiff Joanne Paige, Pro se, and for cause f...action against that defendant(s), Jackson State University, Jeanne Clery Act, Jackson Public Schools District would state: The United States District Court support the act coming against the deafness, blindness, illness that face the wrold having familys sued.

JURISDICTION

> Easily overcome Herod force fully path straight prayer/ praise/ preaching lay council trustee human families behaviors abuse figure monster problems wicked then urged Simmons murdered. That is why this matter is

being brought in Federal Court. 1. Sample Civil Customers cancel hereto or herein bond successful challenge toward hardwork sight aware plea-deal straight true not discrimination against judging murdered or reckless homicide Rankin either into court.

## I. MONSTER GAMES

Plaintiff is an adult resident of the County of <u>Hinds</u>, State of Mississippi. The defendant <u>Hinds</u> is an adult resident citizen of the county of Hinds State of Miss. The Plaintiff will need to provide this information for each of the defendants f.... languages History three shift work hours changes denounced refused. Nevertheless talking to people at this widespread seriously numerous failure fair delaying so many sureyors?? Unnames most problems cant live or work someone freedom but mind freedom ...... life urged acknowledged discrimination not physician mental healthcare or aftercare. I talk about gonna ... no but list all those things around town successful challenge the family domestic violence ended denied Et. Hindu jihadist terrorists businessman and woman adultery Kentucky Church has sued Coahoma Country Jackson State campus doctor office. Noun staff Dr. Robert Smith-staff - 2005-8-10-2005-10-5 Humiliation- Humor of the Candles?????

<u>Relief</u>

Plaintiff is to state what relief he/she is seeking to obtain from the Court. Respectfully fully submitted, this the 26 day of January, 2009.

<u>Joann Paige</u>
(Signature of Plaintiff)

Attached to the pleading labeled "Complaint" are other writings, including statements which have previously been filed by Ms. Paige in this Court, as well as an evaluation form on her completed by the Jackson Public Schools. See Docket Entry 1, pp. 3-12. Judge Lee has previously dismissed a Complaint filed by Ms. Paige against Jackson State University in Cause No. 3:08cv317 after entry of this

Order to Show Cause.  Plaintiff's Complaint in both cases appears to challenge the Food Service Department at JSU.

Federal district courts are courts of limited jurisdiction.  See Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985) (citing 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 (1984)).  Thus, "unless a dispute falls within the confines of the jurisdiction conferred by Congress," this Court does not have the authority to issue orders regarding its resolution.  Id.  Subject matter jurisdiction cannot be waived, nor may the parties confer jurisdiction upon the court either by their conduct or consent.  Id.  For this reason, if the parties fail to raise the question of subject matter jurisdiction, it is the Court's responsibility to raise the issue sua sponte.  Id.

Here, the face of the Complaint fails to demonstrate the existence of either diversity or federal question jurisdiction.  See 28 U.S.C. §§ 1331 and 1332.  Paige, as the party seeking to invoke the Court's jurisdiction, bears the burden to "distinctively and affirmatively allege" the Court's subject matter jurisdiction.  This being said, "[a] failure to allege facts establishing jurisdiction need not prove fatal to a complaint."  Id. (quoting Canedy v. Liberty Mutual Ins. Co., 126 F.3d 100, 103 (2d Cir. 1997)).  Instead, under 28 U.S.C. § 1653, the court may permit amendment to allow a plaintiff to remedy "inadequate jurisdictional allegations."[1]

---

[1] A plaintiff, however, may not amend to create jurisdiction where it did not previously exist.  As Whitemore instructed, "[t]he dangers against which a court must guard is that a party will attempt to use s 1653 to retroactively create subject matter jurisdiction."  Id. (quoting Moore's Federal Practice § 15.14[3], at 15-34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment.")).

In the instant case, Plaintiff has the burden of establishing either diversity or federal question jurisdiction; her Complaint fails to do so. However, as there exists the possibility that the defect in the Complaint can be remedied by a truthful amendment, she shall be given an opportunity to file an Amended Complaint.

IT IS, THEREFORE ORDERED, that on or before February 20, 2009, Plaintiff shall file an amended complaint which sets forth sufficient allegations of subject matter jurisdiction. **Failure to comply with the Court's order will result in dismissal for lack of subject matter jurisdiction without further notice**.

SO ORDERED, this the 29th day of January, 2009.

S/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE